Albert L. **HARMON**, Appellant,

v.

**UNITED STATES of America,**
Appellee.

No. 13879.

United States Court of Appeals
District of Columbia Circuit.

Argued Dec. 3, 1957.

Decided Jan. 9, 1958.

Petition for Rehearing In Banc Denied
Feb. 5, 1958.

**380**

Mr. Samuel J. L'Hommedieu, Jr., Washington, D. C., with whom Mr. Emmett E. Tucker, Jr., Washington, D. C. (both appointed by this Court) was on the brief, for appellant.

Mr. E. Tillman Stirling, Asst. U. S. Atty., with whom Messrs. Oliver Gasch, U. S. Atty., Lewis Carroll and Arthur J. McLaughlin, Asst. U. S. Attys., were on the brief, for appellee.

Before EDGERTON, Chief Judge, and DANAHER and BASTIAN, Circuit Judges.

### PER CURIAM.

On this appeal from a conviction for narcotics violation appellant urges error because of (1) the denial of a motion for a bill of particulars, (2) the alleged refusal of the Government to honor a subpoena duces tecum, and (3) the action of the trial court in distributing a handbook to jurors at the time they qualified for service.

■■ We find no error affecting substantial rights. The action of the trial court in denying the bill of particulars was well within the discretion of the court, particularly as appellant's counsel was furnished with the entire file of the Government and, after this, made no further motion for the bill. The record discloses that prior to the trial appellant was given all reports in the possession or under the control of the Government. Notes of the police officer involved were ordered to be given to defense counsel and this was done. It is not shown that appellant did not receive any statement that was in fact in existence.

■ Appellant's point as to the production of the jurors' handbook was not raised in the District Court and it is now

too late to make complaint. Further, it is not shown that the handbook was in any way prejudicial to the rights of appellant.

Affirmed.

EDGERTON, Chief Judge (dissenting).

The defendant was convicted last April. In my opinion Jencks v. United States, 353 U.S. 657, 77 S.Ct. 1007, 1 L. Ed.2d 1103, decided in June, requires us to remand if not to reverse.

The government's case turned entirely on Officer Scipio's testimony. No one else testified that the defendant bought, sold, or possessed narcotics. If, but only if, the defendant could impeach this officer's testimony, he could hope for acquittal.

A subpoena was served on the Chief of Police requiring him to produce "All statements and reports reduced to writing, whether signed or unsigned, of Private Rudolph Scipio, MPDC, relating to transactions on or about September 30, 1956 and on or about October 5, 1956, involved in this case * * *." The defendant was clearly entitled under Jencks to inspect these "relevant statements or reports in [the government's] possession of government witnesses touching the subject matter of their testimony at the trial." 353 U.S. 657, 672, 77 S.Ct. 1007. This subpoena was neither complied with nor quashed. The record does not appear to me to show that the defendant received the equivalent of the subpoenaed documents. At the trial, defendant's counsel was shown some "notes" Officer Scipio had prepared. But it does not appear that these "notes" were as full as the subpoenaed documents. The record even implies the contrary.[1] I think it follows that there should be a new trial unless the District Court, on remand, finds that all Officer Scipio's existing statements or reports were shown to the

---

1. For example, when the officer was asked in cross-examination, "Now, after you made that purchase on September 30, did you make a written report of it?",

he replied, "Yes. That is the written report *something similar to that one*." (Emphasis added.)

defendant's counsel. The defendant should not be required to show that they were *not* shown. An accused person cannot be expected to prove what is in a file that he has not seen.